# Exhibit B

# Gleason Affidavit

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
In re:                                              : Chapter 11
                                                    :
PROJECT ORANGE ASSOCIATES, LLC,                     : Case No. 10-12307 (MG)
                                                    :
                          Debtor.                   :
--------------------------------------------------------------- X

**AFFIDAVIT OF BRIAN GLEASON IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING THE RETENTION OF PHOENIX MANAGEMENT SERVICES, INC. AS FINANCIAL ADVISORS TO THE DEBTOR, *NUNC PRO TUNC* TO MAY 4, 2010**

I, Brian Gleason, being duly sworn, depose and say as follows:

1. I am a Managing Director of Phoenix Management Services, Inc. ("Phoenix"), which maintains an office at 110 Chadds Ford Commons, Chadds Ford, Pennsylvania 19317. I am authorized to execute this affidavit and disclosure statement on behalf of Phoenix, and submit this affidavit pursuant to section 327(a) of title 11 of chapter 11 of the United States Code (the "Bankruptcy Code") and rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the application (the "Application") of the above-captioned debtor (the "Debtor") to employ and retain Phoenix as financial advisors to the Debtor.

2. The Debtor and Phoenix executed an engagement letter on May 18, 2010, attached to the Application as Exhibit A, (the "Engagement Letter"), which provides that Phoenix will perform the following services:

   (a) Assist the Debtor with the preparation of various schedules required as part of the Bankruptcy Filing;

   (b) Assist the Debtor with postpetition bankruptcy reporting requirements, including assisting with preparing statements, schedules and monthly operating reports;

(c) Assist the Debtor with preparing budgets, addressing financing issues, monitoring its working capital position and cash budgeting;

(d) Assist the Debtor in negotiating with General Electric International, Inc. and Syracuse University;

(e) Prepare information related to the valuation of the Debtor;

(f) Provide testimony before the Court; and

(g) Assist the Debtor with developing and implementing a plan of reorganization and disclosure statement.

3. Subject to the Court's approval, Phoenix intends to charge for services rendered to the Debtor pursuant to the terms and conditions of the Engagement Letter. The Engagement Letter provides for consulting fees from $155.00 to $575.00 an hour for professional services to be paid on an hourly basis plus out-of-pocket costs.

4. I respectfully submit that, given the nature of the services to be provided, the above-described fee structure is both fair and reasonable.

5. Phoenix is a leading financial advisor with a significant presence. Upon information and belief, the Debtor has selected Phoenix because of its extensive experience and knowledge of the Debtor's business. Phoenix or its employees have participated in many out-of-court and in-court restructurings in the past twenty-five years, including: TitleMax Holdings, LLC; UniCapital Corporation; Kellstrom Industries, Inc.; ProxyMed, Inc.; Apple Capitol LLC; Igia Corporation; Arrow Air, Inc..

6. In connection with the proposed retention by the Debtor in this case, Phoenix undertook to determine whether Phoenix had any connections or relationships that might bear on its retention. Phoenix researched, or caused to be researched, the client files and records of Phoenix with respect to securities positions, advisory services and loans in an effort to determine whether any such entities have recently had or have any business relationships with the Debtor or

parties-in-interest in this case and no such relationships were found. If Phoenix discovers additional information that requires disclosure, Phoenix will file a supplemental disclosure with the Court as promptly as possible.

7. Phoenix does not represent any interest adverse to the Debtor's estate and will not represent any entity other than the Debtor in connection with this chapter 11 case. The Debtor has a number of creditors and other parties-in-interest and, accordingly, Phoenix may have rendered in the past, may render presently, or may render in the future, advisory services to certain of these creditors or parties-in-interest or may have been involved in matters in which attorneys for these creditors or parties in interest have been, are, or were also involved. In the ordinary course of its business, Phoenix may also engage counsel or other professionals in unrelated matters who now represent, or who may in the future represent, creditors or other interested parties in this proceeding. GE has or may in the future be a referral sources to Phoenix and Phoenix has or will potentially be a referral source of business to GE. In the past totally unrelated to this engagement, Phoenix has performed work directly for GE. This work was in unrelated matters and never accounted for more than 1% or Phoenix's annual revenue. Phoenix is not aware of any party of interest that has represented more than 1% of Phoenix's annual revenue.

8. To the best of my knowledge, information and belief, neither the undersigned nor other Phoenix professionals anticipated to assist the Debtor in this matter is connected to the Judge or United States Trustee assigned to this matter.

9. Accordingly, based upon the discussion herein above, I believe Phoenix is a "disinterested person," as defined in Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a).

10. No promises have been received by Phoenix, its officers or employees as to compensation in connection with this case other than as disclosed herein. Phoenix has no agreement with any other entity to share with such entity any compensation received by it in connection with this case.

11. Subsequent to April 29, 2010, the date on which the Debtor commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code, Phoenix was paid a retainer in the amount of $25,000 by Adam Victor, the Debtor's President. Notwithstanding the foregoing, there will be no interference with Phoenix's ability to provide services to the Debtor.

12. In order to perform these services in a cost-effective manner, Phoenix will endeavor when possible to work with the retained professionals in this case so as to avoid duplicating work or creating unnecessary work.

13. In addition to compensation for professional services rendered by affiant and other personnel of Phoenix, Phoenix shall seek reimbursement for reasonable and necessary expenses incurred in connection with the above-captioned case, including but not limited to transportation, lodging, car rental, food, telephone, copying and messenger.

14. I believe that Phoenix is eligible for employment and retention by the Debtor as its advisor pursuant to Bankruptcy Code section 327(a) and by the applicable Bankruptcy Rules.

                                                                                                Brian Gleason

Sworn to before me this 18th day of May, 2010

Notary Public Name: Marta Grabowska

My commission expires:

MARTA GRABOWSKA
Notary Public - State of New York
NO. 01GR6175635
Qualified in Kings County
My Commission Expires 10/22/2011