

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104

T 212.335.4500
F 212.335.4501
www.dlapiper.com

William Russell
william.russell@dlapiper.com
T 212.335.4784
F 212.884.8584

April 29, 2010

General Electric International, Inc.
C/O
Buck De Wolf, Esq.
Senior Counsel, Litigation & Legal Policy
General Electric Company
3135 Easton Turnpike
W3 E 88
Fairfield, Connecticut 06828

Re:   Conflict Waiver: Project Orange Associates, LLC filing for protection under chapter 11 of the Bankruptcy Code (the "Matter")

Dear Buck:

The purpose of this letter is to request a waiver of a conflict of interest in connection with DLA Piper LLP (US)'s ("DLA Piper") representation of Project Orange Associates, LLC ("POA") in the above referenced Matter. In connection with POA, General Electric International Inc. (together with General Electric Company "GE") has an arbitration award (Arb. # 13-198-4-02918-08) against POA, in which Thomas Puccio, Esq. is counsel to POA and in which our firm has had no involvement. We seek your assent to such a waiver subject to the following conditions:

1. POA agrees not to object to DLA Piper's continued ability to represent GE or its affiliates on existing and future matters (other than the Matter).

2. DLA Piper in its representation of POA will not bring any litigation or threaten any litigation for the recovery of monetary damages from GE or its affiliates or for any equitable relief against GE or any of its affiliates. Without limiting the general applicability of the immediately preceding sentence, DLA Piper in its representation of POA will not threaten, commence or prosecute any action or motion asserting, or seeking: (i) any challenge to the allowance, enforceability, priority, amount, extent or payment of any indebtedness owed by any party to GE or any of its affiliates, or to the attachment, perfection, extent or priority of any of the liens securing any such indebtedness (including, without limitation, any attempt to surcharge any of the collateral of GE under the provisions of Section 506 of title 11 of the United States Code (the "Bankruptcy Code"), or otherwise) or to the validity or enforceability of any provision of any intercreditor agreement or subordination agreement entered into by and between GE or any of its affiliates, on the one hand, and POA on the other hand (the "Intercreditor Agreement"), (ii) any claim, counterclaim or cross-claim against GE or any of its affiliates of any kind whatsoever (whether based upon lender liability, fraud misrepresentation, dishonest conduct or otherwise), (iii) any challenge to any of the rights, remedies, benefits or protections previously afforded to GE or any of its affiliates under any final debtor in possession financing order or final cash collateral order entered in any bankruptcy case of POA, (iv) any claim, howsoever asserted, for litigation sanctions against GE or any of its affiliates, or (v) to obtain financing secured by any assets in which GE maintains a security interest including financing secured by a lien pursuant to Section 364(d) of the Bankruptcy Code. It is understood, however, that our firm would, on behalf of POA, be able to (a) negotiate with GE on all matters, and (b) review loan, lease or other documents relating to the prepetition credit facilities or leases; provided, however, that POA has engaged special counsel of its own



choosing, Gabriel Del Virginia, Esq., with respect to the potential of bringing or prosecuting any such adversary proceeding or contested matter against GE, and any such adversary proceeding or contested matter, would need to be brought by such special counsel; and provided further, that nothing herein shall constitute or be deemed to constitute a waiver of any defense by GE to any such adversary proceeding or contested matter. It is also understood that our firm's representation of POA may involve taking positions on behalf of POA with respect to such matters as relief from the automatic stay, use of cash collateral, debtor in possession financing (but not to the extent sought under Section 364(d) of the Bankruptcy Code) and confirmation of a plan of reorganization, that are contrary to the positions taken by GE on such matters, except to the extent that any such position taken by POA may not be more inconsistent with any provision of any intercreditor agreement.

3. DLA Piper is representing POA in connection with the Matter and anticipates continuing to serve as counsel to POA upon conclusion of the Bankruptcy proceeding as project counsel. It is understood that GE reserves the right to claim a potential or actual conflict of interest and take appropriate action regarding any other matter in which DLA Piper may be engaged by, or representation by DLA Piper of, POA to the extent GE is involved, which is broader than specified in the preceding sentence.

4. DLA Piper personnel providing services to POA in connection with this Matter will not be among those concurrently providing services to GE or a GE affiliate.

5. POA has been informed of the conditions set forth in this letter and has agreed to these conditions by signing below.

Please sign this letter and return it to me if it is acceptable to you.

Very truly yours,

DLA Piper LLP (US)

William Russell

RECEIVED AND AGREED TO:

General Electric Company

By: _____
Buck De Wolf, Esq.
Senior Counsel

RECEIVED AND AGREED TO:

Project Orange Associates, LLC

By: _____
Adam Victor
President

EAST\42903451.1